**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:26-cv-04664-JLK

BAIRON PACHECO-ALVARADO,

Petitioner,

v.

JUAN BALTAZAR, Warden,
Aurora Ice Processing Center;
GEORGE VALDEZ, Acting Denver Field Office Director U.S.
Immigration And Customs Enforcement;
DAVID J. VENTURELLA, Senior Official,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department Of Homeland Security; AND
TODD BLANCHE, U.S. Attorney General,

in their official capacities,

Respondents.

---

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)**

---

Kane, J.

This matter comes before me on Petitioner Bairon Pacheco-Alvarado's Application for Habeas Corpus (ECF No. 1) challenging his unlawful detention at the U.S. Immigration and Customs Enforcement ("ICE") Detention Facility in Aurora, Colorado. Respondents were ordered to show cause why the Application should not be granted (ECF No. 3). Respondents nominally filed a Response to the Application for Writ of Habeas Corpus and Order to Show Cause (ECF No. 6). However, the Response indicates that Respondents will not file a brief in opposition to the Petition. Resp. to Pet. at 1.

## I. Background

The limited facts I have before me are from Mr. Pacheco-Alvarado's Petition and, as Respondents chose not to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case," I treat Mr. Pacheco-Alvarado's assertions as true. *See Burlington N. R. Co. v. Huddleston,* 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

Mr. Pacheco-Alvarado is a Salvadoran citizen. On July 10, 2026, Respondents detained Petitioner while he was driving with his brother and two other people. Local police pulled the car over because its license plate was missing. Pet. for Habeas Corpus at 2. Mr. Pacheco-Alvarado was not provided an I-200 warrant for his arrest nor a Notice to Appear. *Id.* Respondents also did not conduct an individualized determination that he would be likely to escape before a warrant could be obtained. Pet. for Habeas Corpus at 10.

Mr. Pacheco-Alvarado is presently detained by U.S. Immigration and Customers Enforcement at the Aurora ICE Processing Center. On September 22, 2026, he filed the Petition for Writ of Habeas Corpus requesting our Court to (1) assume jurisdiction over the matter; (2) issue a writ of habeas corpus requiring Respondents to show cause why the writ should not be issued; (3) declare that Petitioner's re-detention and continuing incarceration without constitutionally sufficient process violates the Fifth Amendment; (4) enjoin Respondents from re-detaining Petitioner absent a material change; (5) alternatively, order Respondents to provide Petitioner, within three days, a new hearing before a different immigration judge or another neutral decisionmaker; (6) order respondents not to transfer Petitioner outside the District of Colorado while the action is pending without at least forty-eight hours' advanced notice to

Petitioner's counsel and the Court; (7) require Respondents to file a prompt status report confirming compliance; and (8) grant further relief that the Court deems just and proper. Pet. for Habeas Corpus at 22.

## II. Legal Standard

I begin with the statutory authority that empowers federal courts to issue writs of habeas corpus. Section 2241 of Title 28 of the U.S. Code provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions" when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a) & (c). Specifically, "[c]hallenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The general rule for habeas petitions challenging present physical confinement is that jurisdiction lies in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Mr. Pacheco-Alvarado is confined in Aurora, Colorado, which falls within this district. Pet. for Habeas Corpus at 2.

Mr. Pacheco-Alvarado contends he is in custody in violation of the laws that govern ICE arrests and of the Fifth Amendment to the Constitution. The applicable statutory framework distinguishes between immigration arrests made pursuant to a warrant and those made without one. For noncitizens[1] arrested in the interior of the United States while removal proceedings are

[1] I use the term "noncitizen" as an equivalent to the word "alien" in the relevant statutes. I do so because "noncitizen" is not only more appropriately descriptive but also because it is less likely to carry the same biases. *See* Keith Cunningham-Parmeter, *Alien Language: Immigration Metaphors and the Jurisprudence of Otherness*, 79 FORDHAM L. REV. 1545, 1585 (2011) ("By appropriating, repackaging, and circulating certain immigration metaphors, [] [c]ourt[s] join[] other cultural institutions in creating a dominant account of who immigrants are and how they should be treated.").

pending, as Mr. Pacheco-Alvarado was,[2] the Tenth Circuit has recently held that detention is governed by 8 U.S.C. § 1226(a). *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Section 1226(a) expressly contemplates arrest "[o]n a warrant issued by the Attorney General" and authorizes detention pending a determination whether the noncitizen is removable. 8 U.S.C. § 1226(a). Thus, where the Government relies on § 1226(a), a warrant ordinarily supplies the statutory authority for the arrest and ensuing detention. Mr. Pacheco-Alvarado alleges that no such warrant was issued before his arrest and contends that his detention is therefore unlawful. Pet. for Habeas Corpus at 2, 8.

Without a warrant, DHS's authority to arrest noncitizens is materially limited "particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, No. 26-cv-0338, 2026 WL 948285, at *5 (D.N.M. April 8, 2026) (recommendation from Magistrate Judge) (collecting cases). As the Supreme Court has explained, when "no federal warrant has been issued," immigration officers possess only the "more limited authority" Congress has provided for warrantless arrests. *Arizona v. United States*, 567 U.S. 387, 408 (2012). That authority is set out in 8 U.S.C. § 1357(a)(2) and repeated in 8 C.F.R. § 287.8(c)(2)(ii).[3] Under those provisions, an immigration officer may arrest a noncitizen without a warrant only if the officer has reason to believe both that the person is unlawfully present in the United States and that the person "is

---

[2] Respondents submit that Mr. Pacheco-Alvarado is "in removal proceedings." Resp. to Pet. at 1.

[3] Section § 1357(a)(5) provides for additional exceptions for a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony, . . . *and if there is a likelihood of the person escaping* before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5) (emphasis added). Based on the facts of this case, these exceptions are not applicable.

likely to escape before a warrant can be obtained." *Arizona*, 567 U.S. at 408; 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i)-(ii).

The latter requirement imposes an independent limitation on warrantless arrest authority. It is not enough that an officer has reason to believe the individual is removable; the officer *must* also have a particularized basis for concluding that the person is likely to escape before a warrant can be secured. *See Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1007–08 (N.D. Ill. 2016) (emphasis added). Courts have treated this "reason to believe" element as synonymous with probable cause. *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969); *Morales v. Chadbourne*, 793 F.3d 208, 216 (1st Cir. 2015) (collecting cases where "reason to believe" in § 1357(a)(2) was noted to be the equivalent of probable cause); *Moreno*, 213 F. Supp. 3d at 1007. In assessing whether an officer had probable cause to conclude a person is likely to escape before a warrant can be obtained, courts have considered conventional indicators of flight risk, including the individual's ties to the community. *See, e.g.*, *United States v. Khan*, 324 F. Supp. 2d 1177, 1186–87 (D. Colo. 2004).

## III. Analysis

Respondents have not provided any argument or set forth any evidence indicating that Mr. Pacheco-Alvarado's warrantless arrest was proper under § 1357. Instead, Respondents chose not to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." Resp. to Pet. at 1. Despite not submitting a brief in opposition, or any filing detailing the appropriateness of Mr. Pacheco-Alvarado's arrest, Respondents still ask that I issue an Order "directing that Respondents, within seven days . . . provide Petitioner with a bond hearing . . . or else release Petitioner." *Id.* at 2. I find that Mr. Pacheco-Alvarado's warrantless arrest and

continued detention are unlawful and that the proper remedy is his immediate release, not the suggested bond hearing. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) (noting Respondents "bear the burden to justify Petitioner's detention").

For Mr. Pacheco-Alvarado's warrantless arrest to be lawful, the arresting officer must have had reason to believe both that he was unlawfully present in the United States and that he was "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). As discussed, a "lack of lawful status" is insufficient to justify a warrantless arrest under 8 U.S.C. § 1357. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025) (pending appeal). Without any presentation from Respondents regarding factors that may have made Mr. Pacheco-Alvarado a flight risk, I cannot find that his detention by ICE constituted a permissible warrantless arrest under § 1357(a)(2). *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that Respondents lacked authority to arrest petitioner because "[n]othing in the record suggests that either statutory condition–reasonable belief of a violation or likelihood of escape–was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"). Additionally, considering Mr. Pacheco-Alvarado's strong ties to the community—including his construction job, absence of criminal charges, and caring for his wife and two daughters—the conventional factors do not support a finding in conclusion that he was a flight risk. Pet. Habeas Corpus at 2. I conclude Respondents lacked the statutory authority to arrest Mr. Pacheco-Alvarado and that his detention is thus unlawful.

The only contested question in this case is whether release or a bond hearing is the appropriate remedy for Mr. Pacheco-Alvarado's unlawful detention. Respondents provide no argument to justify their request that I order a bond hearing. Instead, they cite a single case—*Santillan Quiroz*, noting that the Tenth Circuit remanded that case and directed the district court

to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." Resp. to Pet. at 2 (quoting *Santillan Quiroz*, 180 F.4th at 1251 n.13). In *Santillan Quiroz*, however, the petitioner challenged only his continued detention without a bond hearing and not ICE's authority to effect his arrest. 180 F.4th at 1233. The defect here is not merely the denial of statutory protections that can be remedied through a later bond hearing; it is the absence of lawful authority to initiate and maintain Mr. Pacheco-Alvarado's detention. Habeas corpus exists principally to remedy that precise injury—unlawful detention. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention," for which the "typical remedy . . . is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the "traditional function of the writ is to secure release from illegal custody"). Consistent with that principle, courts addressing warrantless immigration arrests have ordered release where the Government could identify neither a warrant authorizing detention under § 1226(a) nor facts satisfying the narrow warrantless-arrest authority of § 1357(a)(2). *See Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *6 (D. Colo. May 15, 2026) (ordering petitioner's release because the Petitioner's detention lacked a "lawful predicate"); *Arrioja Blanco v. Valdez*, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D. Colo. Aug. 6, 2026) (ordering release following an unlawful warrantless arrest).

A future bond hearing would not supply the missing statutory authority. As courts in this District have recognized, where detention under § 1226(a) was never lawfully commenced, the Government cannot cure that defect by supplying process after the fact. *See Quezada-Estrada*, 2026 WL 1361880, at *5–6 (rejecting the Government's reliance on a subsequently issued warrant and concluding that a post hoc warrant did not validate detention originating in an

unlawful arrest); *Morelos* Valdovinos, 2026 WL 948285, at *7; *see also Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739–40 (D. Minn. 2026) (ordering release notwithstanding a later-issued warrant). Because Respondents lacked statutory authority to arrest Mr. Pacheco-Alvarado without a warrant and have identified no lawful predicate for the resulting detention, continued custody is unlawful. I therefore order his immediate release.

I also note that should Respondents obtain a warrant and re-detain Petitioner, this subsequent detention would be pursuant to § 1226(a), and Mr. Pacheco-Alvarado would be entitled to a new bond hearing. *Escalante v. Venturella*, No. 26-cv-01657-PAB, 2026 WL 1745528, at *3 (D. Colo. June 17, 2026) (holding that a Petitioner previously released after an improper warrantless arrest would be entitled to a new bond hearing if re-detained).

## IV. Conclusion[4]

Therefore, it is ORDERED:

---

[4] On November 25, 2025, my colleague Judge Brooke Jackson issued a preliminary injunction prohibiting ICE from "effect[ing] warrantless arrests in this District unless, pre-arrest, the arresting officer has probable cause to believe that the individual is in the United States in violation of United States immigration laws and probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(2)." *Ramirez Ovando*, 810 F. Supp. 3d at 1240-42. The preliminary injunction also requires an arresting officer to, after a warrantless arrest, "document in writing the facts and circumstances surrounding that arrest in the narrative section of the detainee's Form I-213," Record of Deportable/Inadmissible Alien. *Id.* at 1241. As ordered, this Form I-213 "shall, upon request, [be] provid[ed] to plaintiffs' counsel . . . no later than ten (10) days after the arrest." *Id.* Mr. Pacheco-Alvarado's arrest took place outside this District, and thus Judge Jackson's preliminary injunction is not applicable. However, I point to his order as an accurate reflection of the law and emphasize that compliance with his preliminary injunction could have prevented the circumstances here, in which Respondents do not contest the illegality of their conduct. Requiring lay individuals to endure the burden and stress of pursuing habeas relief to remedy an arrest undertaken without lawful authority is neither fair nor consistent with the orderly administration of justice.

1. Petitioner Mr. Pacheco-Alvarado's Petition for Habeas Corpus [ECF No. 1] is GRANTED;
2. Respondents shall release Petitioner Mr. Pacheco-Alvarado from custody within 24 hours of this order, along with all his personal belongings;
3. Should Petitioner Mr. Pacheco-Alvarado believe he has a good faith basis to seek attorney fees pursuant to the Equal Access to Justice Act, he is DIRECTED to file a motion seeking the same, along with all supporting documentation, on or before **October 21, 2026**. Respondents shall file a response on or before **November 4, 2026**, and Petitioner shall file a reply on or before **November 18, 2026**;
4. The parties shall file a status report confirming that petitioner has been released from custody on or before October 5, 2026.

DATED this 30th day of September, 2026.

John L. Kane

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE